IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MERLE RAMONE,**

    Petitioner,

v.                                                          No. 11-cv-0818 JCH/SMV

**ERASMO BRAVO, Warden,**
**ATTORNEY GENERAL FOR THE STATE**
**OF NEW MEXICO,**

    Respondents.

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Petitioner's Letter [Doc. 13], which the Court will treat as a motion for appointment of counsel ("Motion" or "Motion for Appointment of Counsel"), filed June 26, 2012. The Court, being fully advised in the premises, FINDS that the Motion is not well-taken and should be DENIED.

The Court filed its Proposed Findings and Recommended Disposition to Deny Writ of Habeas Corpus [Doc. 12] ("PF&RD") on June 20, 2012. In its PF&RD, the Court recommended that the District Judge deny and dismiss with prejudice Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1]. PF&RD [Doc. 12] at 13.

In the instant Motion, Petitioner now requests that this Court appoint "an experienced lawyer [to his] case" because he wants "to appeal the decision from the Court and [he] need[s] a lawyer to help [him] file a successful appeal." Motion for Appointment of Counsel [Doc. 13] at

1, 2. Essentially, Petitioner explains that he needs assistance of counsel because he "believe[s] [he] was convicted of the wrong crimes and [he] ask[s for] help to fix this miscarriage of justice." *Id.* at 3.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Petitioner's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Petitioner has been adequately presenting his claims. Nor has Petitioner convinced the Court that his claim is sufficiently meritorious to warrant the Court to request appointment of counsel. Therefore, the Court will deny Petitioner's Motion for Appointment of Counsel at this time.

In addition, Petitioner may be confused regarding what procedure follows after the Court's filing of a PF&RD. *See* Motion for Appointment of Counsel [Doc. 12] at 1 (characterizing the Court's PF&RD as a final decision regarding his habeas petition). Therefore, the Court reminds Petitioner that he has **until July 5, 2012,** to file with the Clerk any written

objections that he might have to the Court's PF&RD.  Petitioner is further reminded that he must file objections to the PF&RD if he **wants to have appellate review of the PF&RD.**  If no objections are filed, then no appellate review will be allowed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Motion for Appointment of Counsel [Doc. 12] be **DENIED**, and that the Court will not request counsel to assist Petitioner at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**