IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MERLE RAMONE,

      Petitioner,

v.                                         No. 11-cv-0818 JCH/SMV

ERASMO BRAVO, Warden,
ATTORNEY GENERAL FOR THE STATE
OF NEW MEXICO,

      Respondents.

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on the magistrate judge's Proposed Findings and Recommended Disposition to Deny Writ of Habeas Corpus [Doc. 12] ("PF&RD"), filed on June 20, 2012, and on Petitioner's Objection to the [PF&RD] [Doc. 16] ("Objections"), filed on July 6, 2012. The Court, being fully advised in the premises, will DENY the motion for reconsideration, OVERRULE the objections, ADOPT the PF&RD, DENY the Petition, and DISMISS the action with prejudice.

The magistrate judge recommended that the Court deny and dismiss the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition"), filed on September 13, 2011. PF&RD [Doc. 12]. The Court reviews the dispositive matters to which Petitioner objects de novo, *see* Rule 8(b) of the Rules Governing Section 2254 Cases, and reviews any non-dispositive matters for clear error, *see* 28 U.S.C. § 636(b)(1)(A).

## Motion for Reconsideration

Initially, Petitioner moves for reconsideration pursuant to Fed. R. Civ. P. 59(b).  Objections [Doc. 16] at 1.  Rule 59, however, is inapplicable because this Court has not entered any judgment in this case.  Therefore, there is nothing to "reconsider."  Accordingly, the Court will deny Petitioner's motion for reconsideration but will consider each of his objections in turn.

## Objection 1:  Evidentiary Hearing

Petitioner seems to object to the PF&RD on the ground that he was denied an evidentiary hearing.  *Id.* at 2.  The Court will overrule the objection for two reasons.  First, Petitioner never requested an evidentiary hearing in federal court.  *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived.").  Second, even if he had, such request would have been properly denied.  An evidentiary hearing is not permissible in this case because, *on the record that was before the state courts*, Petitioner has failed to show that the state courts' decisions were contrary to, or involved in an unreasonable application of, clearly established federal law.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400–01 (2011); *Calvert v. Dinwiddie*, No. 11-5044, 2012 U.S. App. LEXIS 2605 at **16–17 (10th Cir. February 10, 2012) (unpublished) ("There is no doubt that *Pinholster* bars an evidentiary hearing in cases . . . where [the state courts denied petitioner's claims on the merits and where petitioner has not overcome] § 2254(d)(1).").  Petitioner does not get a second bite at the apple in federal court; he is not entitled to develop a new record.  Rather, he has the burden to show that the state courts got it wrong on the record before them at that time.  He has failed to meet that burden.

His Objections offer nothing more than a conclusory assertion that he is entitled to a hearing and that it was error to deny him one.  *See* Objections [Doc. 16] at 1–2.

Petitioner's reliance on two out-of-circuit cases does not change the analysis.  Petitioner cites to *Owens v. United States*, 483 F.3d 48, 60–61 (1st Cir. 2007), and *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003), for his assertion that he is entitled to an evidentiary hearing in federal court. Objections [Doc. 16] at 2.  *Owens* and *Pham*, however, are not applicable to this case for several reasons.  First, they address habeas petitions brought by *federal* inmates under 28 U.S.C. § *2255*. Whereas, here, Petitioner is a *state* inmate bringing his Petition under 28 U.S.C. § *2254*.  This distinction matters because, in the § 2254 context, the federal courts owe deference to the decisions of the state courts, but in the § 2255 context, no state court is involved and principles of comity are not in play.  Next, the *factual* bases for the ineffectiveness claims in *Owens* and *Pham* were in dispute, but here, the *facts* are not in dispute.  Finally, *Owens* and *Pham* were decided by the Third Circuit  and Second Circuit Courts of Appeals, respectively, and their decisions are not binding on this Court.  *See Fed. Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992) (out-of-circuit decisions are not binding in the Tenth Circuit).  Therefore, the Court will overrule Petitioner's objection regarding an evidentiary hearing in federal court.

### Objection 2:  Appointment of Counsel

Second, Petitioner appears to object to the PF&RD on the ground that he was denied appointment of counsel.  On the one hand, Petitioner says that he "did not know what procedure to follow [to request an attorney] and thought the Court would appoint a lawyer to help file [the P]etition."  Objections [Doc. 16] at 2.  On the other hand, Petitioner claims that he requested

appointment of counsel but never received a ruling. *Id.* at 3. The statements regarding appointment of counsel in the Objections are the only references in the record that could be construed as a request for appointment of counsel. Petitioner did not cite to previous request for counsel, which he claims went unanswered, and the Court finds none. Rather, the magistrate judge construed the appointment-of-counsel statements in the Objections as a request for counsel and denied the request on the very next day. Amended Order Denying Petitioner's Motion for Appointment of Counsel [Doc. 15] ("Order"). In his Order, the magistrate judge applied the factors from *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), and found that there was neither sufficient merit or nor complexity in Petitioner's claims to warrant appointment of counsel, and that Petitioner had been adequately presenting his claim. Order [Doc. 15] at 2.

In his Objections, Petitioner asserts that he is entitled to appointment of counsel because his "case is a capital case" and because he "is at the mercy of the Court [and] trying his best." Objections [Doc. 16] at 3. After reviewing the record in this case, the Court finds that Petitioner still fails to convince the Court that he is entitled to appointment of counsel for the same reasons cited by the magistrate judge. *See Hill v. Smithkline Beecham Corp.*, 393 F.3d, 1111, 1115 (10th Cir. 2004) (burden on petitioner to show that appointment of counsel is warranted). Additionally, because the Court agrees with the magistrate judge on the request for appointment of counsel contained in the Objections, such as it is, the Court also overrules Petitioner's objection to the PF&RD on the appointment issue. Failure to appoint counsel is not a legitimate challenge to the PF&RD because Petitioner was not entitled to counsel in the first place.

## Objection 3:  *Brady* Violation

Next, Petitioner complains that "a Brady violation might exist when trial court denied Petitioner's blood-alcohol content."  Objections [Doc. 16] at 4.  The Court overrules this objection on two grounds.  First, "theories raised for the first time in objections to [a PF&RD] are deemed waived."  *E.g., Garfinkle*, 261 F.3d at 1031.  Because Petitioner did not raise this theory prior, he has waived it.  Second, even if he had not waived it, the Court would still overrule it because it is irrelevant.  Although Petitioner does not explain what he means by a "Brady violation," the Court presumes that he is referring to *Brady v. Maryland*, 373 U.S. 83 (1963), which requires that exculpatory evidence be turned over to the defense.  However, *Brady* has no bearing whatsoever on the ineffective-assistance-of-counsel claims before the Court.  Therefore, the objection is overruled.

## Objection 4:  Evidence of Blood-Alcohol Content

Petitioner's fourth and final objection is not entirely clear.  However, he seems to assert both that evidence of his blood-alcohol content was improperly excluded at his trial and that such evidence "may have been obtained illegally . . . ."  Objections [Doc. 16] at 4.  For the same reasons that the Court overrules Petitioner's third objection, the Court also overrules the fourth.  Neither of these theories was presented prior to the Objections, and therefore, they are waived.  Regardless of waiver, however, neither of these theories bears on the ineffectiveness claims before the Court.  Accordingly, the objections is overruled.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Petitioner's motion for reconsideration under Fed. R. Civ. P. 59(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the [PF&RD] [Doc. 16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Proposed Findings and Recommended Disposition to Deny Writ of Habeas Corpus [Doc. 12] ("PF&RD") are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] is **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

JUDITH C. HERRERA
United States District Judge